IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50892
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE LUIS FUENTES-PICON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-215-ALL
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Luis Fuentes-Picon appeals the sentence imposed
following his guilty plea conviction of being found in the United
States after deportation in violation of 8 U.S.C. § 1326.
Fuentes-Picon argues that his sentence should not have been
enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior
deportation following an aggravated felony conviction.  He
asserts that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define
separate offenses and that an aggravated felony conviction is an
element of the offense under 8 U.S.C. § 1326(b)(2).  Fuentes-

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Picon states that he pleaded guilty to an indictment which charged simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Fuentes-Picon acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the validity of that decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Fuentes-Picon seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.